IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF TEXAS DALLAS DIVISION

| | | |
|---|---|---|
| IDOC/TEXAS LEGAL COPIES, INC., | § § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NO._____ |
| v. | § | |
| | § | |
| OHIO SECURITY INSURANCE COMPANY AND JULIUS JOHN HORVATH, | § § § | |
| *Defendant.* | § | |

## DEFENDANTS OHIO SECURITY INSURANCE COMPANY AND JULIUS JOHN HORVATH'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants Ohio Security Insurance Company ("Ohio") and Julius John Horvath ("Horvath") files this Notice of Removal under 28 U.S.C. §§ 1332, 1441, and 1446 and states as follows:

## I.
## INTRODUCTION

1.     Plaintiff IDOC/Texas Legal Copies, Inc. ("Plaintiff") commenced this lawsuit on August 18, 2017, by filing Plaintiff's Original Petition ("Petition") in the 193rd District Court of Dallas County, Texas.

2.     Plaintiff's Petition names Ohio Security Insurance Company (Ohio) and Julius John Horvath ("Horvath") as Defendants. Horvath was an adjuster assigned to Plaintiff's insurance claim made the basis of this lawsuit.

3.     Plaintiff's Petition includes the following causes of action against both Ohio and

Horvath:

- Breach of contract;
- Unfair Settlement Practices under §541.060(a) of the Texas Insurance Code;
- Prompt Payment of Claims violations under Chapter 542 of the Texas Insurance Code;
- Deceptive Trade Practices under the DTPA; and
- Breach of the common law duty of good faith and fair dealing [1]

4.     Horvath was served with Plaintiff's Petition on August 26, 2017.  Ohio was served

with Plaintiff's Petition on August 25, 2017.

5.     Ohio and Horvath files this Notice within the 30-day time period required by 28

U.S.C. § 1446(b).

6.     Horvath need not consent to removal as Ohio contends that Horvath was improperly

joined. However, to the extent necessary, Horvath consents to this Notice of Removal as the

undersigned attorneys represent both Ohio and Horvath.

II.
**BASIS FOR REMOVAL**

7.     Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court

where the action is pending is located in this District.

8.     Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between

the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and

attorneys' fees. These two conditions are satisfied in this matter.

A.     **Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Ohio.**

9.     Plaintiff is a corporation incorporated in the State of Texas with its principal place

of business at 9206 Sovereign Row, Dallas Texas 75247.  Plaintiff is a citizen of Texas for purposes

of diversity of citizenship.

---

[1] *See Plaintiff's Petition p.8-13).*

DEFENDANTS NOTICE OF REMOVAL
2

10.    Ohio is an insurance carrier organized under the laws of the State of New Hampshire with its principal place of business in Boston, Massachusetts. Ohio is a citizen of Massachusetts for diversity jurisdiction purposes.

11.    Horvath is a resident of the state of Texas and has been improperly joined to defeat this Court's diversity jurisdiction. Plaintiff does not have a reasonable possibility of recovery from Horvath in this lawsuit. Horvath's citizenship should therefore be disregarded for jurisdictional purposes, and complete diversity of citizenship exists between Plaintiff and Ohio (now and on the date Plaintiff filed this lawsuit).

*(i)*    ***Plaintiff improperly joined Horvath to defeat this Court's diversity jurisdiction.***

12.    A defendant such as Horvath is improperly joined when there is (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant.[2] This second condition is met when there is no reasonable possibility that the plaintiff might recover against the improperly-joined in-state defendant.[3] A "reasonable possibility" is more than a mere hypothetical possibility that an action against the non-diverse defendant *could* exist.[4]

13.    Per the Fifth Circuit, the improper joinder analysis requires an examination o f Plaintiff's Petition under the Federal pleading standard.[5] This requires Plaintiff to plead

---

2 *Smallwood. v Ill. Cent.  RR  Co.,* 385 F.3d 568,573 (5th Cir. 2004) (en banc).

3 *See id.*

4 *See Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999).

5 *See Int'l/ Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd,* 818 F.3d 193, 200-08 (5th Cir. 2016) ("And, because *Smallwood* requires us to use the Rule 12(b)(6)-type analysis, we have no choice but to apply the federal pleading standard embodied in that analysis."); *see also Petree v. Metro Lloyds Ins. Co. of Texas,* 2016 WL 3095092, at *2 (N.D. Tex. June 2, 2016) ("Although there has been some uncertainty as to the pleading standard to be applied, the Fifth Circuit has most recently held that federal courts should use the

"enough facts to state a claim to relief that is plausible on its face."[6] Stated differently, Plaintiff's Petition must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[7]

14.    As set forth below, Plaintiff's Petition fails to demonstrate a reasonable possibility of recovery against Horvath in this lawsuit. Each cause of action asserted against Horvath only details a speculative and hypothetical right to recovery.

(ii)    ***Plaintiff has no reasonable possibility of recovery against Horvath for violations of Chapter 541 of the Texas Insurance Code.***

15.    Plaintiff's Petition alleges that Horvath committed the following violations of Section 541.060(a) of the Texas Insurance Code:

- Section 541.060(a)(l) - misrepresenting a material fact or policy provision related to coverage;

- Section 541.060(a)(2)(A) - failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

- Section 541.060(a)(3) - failing to promptly provide a policyholder with a reasonable explanation of the basis for the insured's denial of a claim;

- Section 541.060(a)(4) - failing to affirm or deny coverage in a reasonable time; and

- Section 541.060(a)(7) - refusing to pay a claim without conducting a reasonable investigation.[8]

---

federal court pleading standard when conducting the Rule 12(b)(6)-type analysis of an improper joinder claim in a motion to remand to determine if the plaintiff has stated a claim against a nondiverse defendant.").

6  *Petree*, 2016 WL 3090592, at *3 (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)).

7  *Twombly*, 550 U.S. at 555.

8  *See* Plaintiff's Original Petition at pp. 8-10.

DEFENDANTS NOTICE OF REMOVAL
4

16.     However, the courts of this District have found each of these *exact* allegations insufficient to support an independent cause of action against adjusters like Horvath.[9] Texas law permits claims adjusters to be held individually liable for violations of the Texas Insurance Code.[10] "But for an adjuster to be held individually liable, [he] must have committed some act that is prohibited by the [Code], not just be connected to an insurance company's denial of coverage.[11] In other words, an adjuster cannot be held individually liable for violations of the Texas Insurance Code unless there is an *independent injury* to the plaintiff that is *separate* from the contractual damages arising from the carrier's alleged breach of contract.[12] Absent actual damages, other than the unpaid policy benefits, there is no cause of action against an adjuster under Chapter 541 of the Texas Insurance Code.[13]

17.     Here, Plaintiff's Petition includes a group of alleged statutory violations under Chapter 541 of the Texas Insurance Code against Horvath, but the Petition fails to explain how Horvath's alleged conduct gave rise to any injury distinct from unpaid Ohio policy benefits. Instead, the crux of Plaintiff's factual allegations against Horvath relate directly to unpaid policy benefits. Plaintiff's factual allegations against Horvath repeatedly highlight the

---

[9]     *See, e.g., Together 6 LLC v. Burlington Ins. Co.,* 2015 WL 1 I120522, at *3 (N.D. Tex. Apr. 22, 2015) (Means, T.) (holding that the plaintiff failed to state viable claims against an adjuster under §§541.060(a)(l), (a)(2)(A), (a)(3), (a)(4), and (a)(7) of the Texas Insurance Code.

[10]    *Messersmith v. Nationwide Mut. Fire Ins. Co.,* 10 F.Supp.3d 721, 724 (N.D. Tex. 2014) (Solis, J.).

[11]    *Id.* "[E]ven though an adjuster is a "person" [against whom claims may be asserted] under the Insurance Code, an adjuster cannot be held liable for violation of the Code unless he causes an injury distinguishable from the insurer's actions." *Aguilar v. State Farm Lloyds,* No. 4:15-CV-565-A, 2015 WL 5714654, at *3 (N.D. Tex. Sept. 28, 2015) (McBryde, J.). "In other words, the adjuster must have committed some act prohibited by the statute, not just be connected to an insurance company's denial of coverage." *Id.*

[12]    *See, e.g., Charla D. Aldous, PC v. Lugo,* No. 3:13-CV-3310-L, 2014 WL 5879216, at *4-6 (N.D. Tex., Nov. 12, 2014) (Lindsay, S.) ("the Texas Supreme Court left no doubt that an independent injury was required to recover under the Texas Insurance Code.").

[13]    *See, e.g., Messersmith,* 2014 WL 3406686 (finding no reasonable possibility of recovery against an adjuster for, in part, lack of independent injury).

DEFENDANTS NOTICE OF REMOVAL
5

"improper denial" of policy benefits, largely through a partial denial letter issued by Horvath that set forth Ohio's coverage determination. [14] Plaintiff has not pied any facts demonstrating an additional and independent injury, meaning Plaintiff does not have a reasonable possibility of recovery against Horvath under Chapter 541 of the Texas Insurance Code.

> ### (iii)   *Plaintiff has not demonstrated a reasonable possibility of recovery against Horvath for violations of the DTPA.*

18.   Plaintiff's allegations against Horvath under the DTPA leave Plaintiff with no reasonable possibility of recovery. As recognized by this Court, Plaintiff's obligation to "provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."[15] Plaintiff's claims under the DTPA consist of nothing more than labels, conclusions, and a formulaic recitation of statutory

---

[14]   *See, e.g.,* Plaintiffs Original Petition at p. 8-10.

[15]   *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.,* 2009 WL 1437837, at *4 (N.D. Tex. May 22, 2009) (McBryde, J.) (quoting *Twombly,* 550 U.S. 544, 55).

elements.[16] Moreover, Plaintiff's Petition regularly combines the actions of Horvath and Ohio. In fact, these conclusory causes of action do not ever reference Horvath or Ohio in their individual capacity, as the Petition specifically fails to delineate which of the "Defendants" purportedly committed the alleged wrongdoing.

### (iv)    *Plaintiff's Petition also bears a "badge of improper joinder" recognized by this Court.*

19.    Not only has Plaintiff failed to demonstrate a reasonable possibility of recovery from Horvath, but Plaintiff's Petition also bears a "badge of improper joinder" recognized by some Court.[17] In particular, Plaintiff has no "plausible reason for suing [Horvath] other than to defeat diversity jurisdiction."[18] There is no credible reason why a favorable judgment   on Plaintiff's claims against Ohio (if warranted) would fail to afford Plaintiff full and complete relief. Nor is there any "suggestion that a recovery by Plaintiff against Horvath would provide any financial gain to Plaintiff."[19] Because the core of Plaintiff's Petition is that Ohio failed to pay what Plaintiff feels it is owed under the Ohio policy, it is clear that Plaintiffs claims against Horvath are intended solely to deprive this Court of jurisdiction.

---

[16]   *See* Plaintiffs Original Petition at pp. 9.

[17]   *See Plascencia v. State Farm Lloyds,* Civ. A. 4:14-CV-00524-A, at 14 (N.D. Tex. Sept. 25, 2014) (Mem. Op.) (McBryde, J.); *see also Messersmith v. Nationwide Mut. Fire Ins. Co.,* 10 F.Supp.3d 721, 724-25 (N.D. Tex. 2014) (Solis, J.).

[18]   *See Plascencia* at 15-18.

[19]   *Id.* at 16 (quoting *Dougherty v. State Farm Lloyds,* No. 4:0l-CV-611-A, 2001 WL 1041817, at *2 (N.D. Tex. Aug. 30, 2001)).

---

**B.** **Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

20.    If it is facially apparent that Plaintiff's claims in this suit exceed $75,000, exclusive of interest, costs, and attorney's fees, Ohio's burden to establish that the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.[20]

21.    Here, Plaintiff's Petition states that Plaintiff seeks to recover over $200,000, but less than 1,000,000.00.[21]

It is thus facially apparent that Plaintiff's claims exceed this Court's jurisdictional threshold of $75,000.

## III.
## CONCLUSION

22.    Plaintiff has failed to demonstrate any reasonable possibility of recovering on the claims asserted against Horvath. Accordingly, Horvath's citizenship should be disregarded for purposes of determining diversity. Because diversity of citizenship exists between Plaintiff and Ohio, and the amount in controversy in this lawsuit exceeds $75,000, removal is proper.

23.    Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the District Clerk of Dallas County, Texas promptly after the filing of this Notice.

24.    As required by 28 U.S.C. § 1446(a), and Local Rule 81.1, a copy of each of the following are attached to (or filed with) this Notice:

        a.    an index of all documents that clearly identifies each document and indicates the date the document was filed in state court;

---

[20]    *Allen v. R&H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1999).

[21]    Plaintiff's Original Petition at p. 2.

b.    a copy of the docket sheet in the state court action;

c.    each document filed in the state court action, except discovery material (if filed on paper, each document must be individually tabbed and arranged in chronological order according to the state court file date; if filed by electronic means, each document must be filed as a separate attachment); and

d.    a separately signed certificate of interested persons that complies with LR 3.1(c) or 3.2(e).

25.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice will be promptly given to all adverse parties.

WHEREFORE, Defendants Ohio Security Insurance Company and Julius John Horvath requests that this action be removed from the 193rd District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LAW OFFICES OF DAVID L. CHUMBLEY, P.C.

By: _____
David L. Chumbley
State Bar No. 24032069

400 Chisholm Place, Suite 101
Plano, Texas 75075
Telephone: (972) 516-8808
Telecopy: (972) 516-8819
E-mail: davidchumbleypc@gmail.com
**ATTORNEY FOR DEFENDANTS**
**OHIO SECURITY INSURANCE COMPANY AND**
**JULIUS JOHN HORVATH**

## CERTIFICATE OF SERVICE

I hereby certify that on _September 14, 2017_, a true and correct copy of the foregoing instrument was served pursuant to the Federal Rules of Civil Procedure on the following counsel of record:

Andrew Woellner
The Potts Law Firm, LLP
3737 Buffalo Speedway, Suite 14900
Houston, Texas 77098

_____
David L. Chumbley

DEFENDANTS NOTICE OF REMOVAL
10