# EXHIBIT C

2 CITS-CER Case 3:17-cv-02447-C Document 1-3 Filed 09/14/17 Page 2 of 16 PageID 18

FILED
DALLAS COUNTY
8/18/2017 11:53 AM
FELICIA PITRE
DISTRICT CLERK

Christi Underwood

Cause No. DC-17-10307

| | | |
|---|---|---|
| IDOC/TEXAS LEGAL COPIES, INC. *Plaintiff,* | § § § § | IN THE DISTRICT COURT |
| v. | § § | DALLAS COUNTY, TEXAS |
| OHIO SECURITY INSURANCE COMPANY AND JULIUS JOHN HORVATH, *Defendants.* | § § § § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, IDOC/Texas Legal Copies, Inc., (hereinafter referred to as "Plaintiff"), and file this Original Petition against Defendants, Ohio Security Insurance Company ("Ohio Security"), and Julius John Horvath ("Horvath") (collectively referred to as "Defendants"), and respectfully would show this court as follows:

### PARTIES

1. Plaintiff, IDOC/Texas Legal Copies, Inc., is a Texas corporation with its principal place of business at 9206 Sovereign Row, Dallas, Texas 75247.

2. Defendant, Ohio Security Insurance Company, is an insurance company that engaged in the business of insurance in the State of Texas at all times material to this action. This defendant may be served by serving its Registered Agent for service of process: Corporation Service Company, 211 East 7th Street Suite 620, Austin Texas 78701-3218.

1

3. Defendant, Julius John Horvath, is an individual residing in and domiciled in the State of Texas. This defendant may be served via certified mail, return receipt requested at 1211 Saint Tropez Drive, Carrollton, Texas 75006-2932.

## DISCOVERY LEVEL

4. Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## JURISDICTION

5. The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court. Plaintiff is seeking monetary relief more than $200,000 but less than $1,000,000. Plaintiff reserves the right to amend this petition during and/or after the discovery process.

6. The Court has jurisdiction over Defendant, Ohio Security, because this defendant engaged in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas

7. The Court has jurisdiction over Defendant, Horvath, because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas

## VENUE

8. Venue is proper in Dallas County, Texas, because the insured property is situated in Dallas County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

9. Plaintiff is the owner of a property insurance policy ("the Policy") number BZS (16) 55 50 62 99 issued by Ohio Security.

10. Plaintiff owns the insured property located at 9206 Sovereign Row, Dallas, Texas 75247 (hereinafter referred to as "the Property"). Ohio Security sold the Policy insuring the Property to Plaintiff.

11. On or about August 15, 2015, a hail storm and/or windstorm struck Dallas County, Texas, causing severe damage to homes and businesses throughout the region ("the Storm") including the Property. The Storm damaged the Property extensively, causing damage to Plaintiff's roof, building exterior, and interior. Specifically, the hail caused damage to the commercial roof field and roofing components, leaving dents and damage throughout. The damage was so severe that Plaintiff's entire roof is in need of replacement.

12. After the Storm, Plaintiff submitted a claim to Ohio Security for the damage the Property sustained as a result of the Storm. Plaintiff requested that Defendant cover the cost of repairs, including but not limited to, replacement of the roof pursuant to the Policy.

13. Defendant Ohio Security assigned Horvath as the individual adjuster ("the adjuster") on the claim. Mr. Horvath was improperly trained and failed to perform a thorough investigation of the claim, spending an inadequate amount of time inspecting Plaintiff's Property. The adjuster conducted a substandard inspection of Plaintiff's Property evidenced by the adjuster's report, which failed to include all of Plaintiff's storm damages noted upon inspection. The damages the adjuster included in the report were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained.

14. Specifically, Mr. Horvath failed to consider damage to the field of the roof, and he improperly provided for a coating to be applied rather than repair the damage to the roof. This conveniently left the estimate $391 less than the deductible. Had he used the correct repair method for Plaintiff's roof, his estimate would have exceeded the deductible, resulting in a payment to Plaintiff. To support his estimate, Horvath retained an outcome-oriented engineer who turned a blind eye to the obvious hail damage to the roof and blamed interior damage on the excluded cause of "wear and tear." Horvath furthered this misrepresentation that the cause of interior water damage was due to a "likely" location for a leak. In reality, his statement was merely an attempt to avoid proper payment under the Policy.

15. Ohio Security and its personnel failed to thoroughly review and properly supervise the work of their assigned adjusters which ultimately led to the approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim. As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiff was wrongfully denied on the claim and has suffered damages.

16. Together, Defendants set about to deny and/or underpay on properly covered damages. Defendants failed to provide full coverage for the damages sustained by Plaintiffs and under-scoped Plaintiff's damages, thereby denying adequate and sufficient payment on Plaintiff's claim. As a result of Defendants' unreasonable investigation, Plaintiff's claim was improperly adjusted, and Plaintiff was wrongfully denied on the claim and has suffered damages. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment that it is entitled to under the Policy.

17. As detailed in the paragraphs below, Ohio Security wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

18. To date, Ohio Security continues to delay in the payment for the damages to the Property. As such, Plaintiff has not been paid in full for the damages to the Property.

19. Defendant Ohio Security failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Ohio Security's conduct constitutes a breach of the insurance contract between Ohio Security and Plaintiff.

20. Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

21. Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.0060(a)(2)(A).

22. Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate

that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3).

23.  Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(4).

24.  Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's claim on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

25.  Defendant Ohio Security failed to meets it obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Ohio Security's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

26. Defendant Ohio Security failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Ohio Security's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.056.

27. Defendant Ohio Security failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for the claim. Ohio Security's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

28. From and after the time Plaintiff's claim was presented to Defendant Ohio Security, the liability of Ohio Security to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Ohio Security has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Ohio Security' conduct constitutes a breach of the common law duty of good faith and fair dealing.

29. Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

30. As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

31. Plaintiff's experience is not an isolated case. The acts and omissions Ohio Security committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Ohio Security with regard to handling these types of claims. Ohio Security's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION

32. Each of the foregoing paragraphs is incorporated by reference in the following:

### I.   Causes of Action Against Horvath

33. Ohio Security assigned Horvath to adjust this claim. Horvath was improperly trained and performed an outcome-oriented and unreasonable investigation of Plaintiff's damages. Horvath did not properly assess all damages caused by the Storm and omitted covered damages from the report including the full extent of damage to the roof. Horvath also improperly included a coating to the roof rather than a repair and he refused to fully compensate Plaintiff for the full amount Plaintiff is entitled under the Policy. The outcome oriented investigation of Plaintiff's claim resulted in a biased evaluation of Plaintiff's damages to the Property and the estimated damages were severely underestimated.

### A.   Noncompliance with Texas Insurance Code: Unfair Settlement Practices

34. Defendant Horvath's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article are made actionable by TEX. INS. CODE § 541.151.

35. Defendant Horvath is individually liable for his unfair and deceptive acts, irrespective of the fact Horvath was acting on behalf of Ohio Security, because Horvath is a

"person" as defined by TEX. INS. CODE § 541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE § 541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

36. Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received. Defendant Horvath's unfair settlement practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060 (a)(1).

37. Defendant Horvath's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

38. Defendant Horvath failed to explain to Plaintiff the reasons for the offer or offers of an inadequate settlement. Specifically, Defendant Horvath failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendant Horvath did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor was there any explanation for the failure as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

39. Defendant Horvath's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

40. Defendant Horvath did not properly inspect the Property and failed to account for and/or undervalued Plaintiff's roof damage, although reported by Plaintiff to Ohio Security. Defendant Horvath's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition, and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

**II.    Causes of Action Against Ohio Security**

41. Ohio Security intentionally breached its contract with Plaintiff, intentionally violated the Texas Insurance Code and intentionally breached the common law duty of good faith and fair dealing.

### A. Breach of Contract

42. Ohio Security breached the contract of insurance it had with Plaintiff. Ohio Security breached the contract by its failure/and or refusal to adequately pay the claim as it is obligated to do under the terms of the Policy in question and under the laws in the State of Texas.

### B. Noncompliance with Texas Insurance Code: Unfair Settlement Practices

43. Defendant Ohio Security's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article were made actionable by TEX. INS. CODE § 541.151.

44. Defendant Ohio Security's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 5410.060(a)(1).

45. Defendant Ohio Security's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Ohio Security's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

46. Defendant Ohio Security's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an

11

unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

47. Defendant Ohio Security's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of compensation and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

48. Defendant Ohio Security's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

**C. Noncompliance with Texas Insurance Code: Prompt Payment of Claims Statute**

49. Plaintiff is entitled to 18% interest and attorney fees under TEX. INS. CODE §542.060 for violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq.*

50. Ohio Security failed to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints under TEX. INS. CODE §542.055.

51. Ohio Security failed to notify Plaintiff in writing of its acceptance or rejection of the claim within applicable time constraints under TEX. INS. CODE §542.056.

52. Ohio Security delayed the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for under TEX. INS. CODE §542.058.

### D. Breach of the Duty of Good Faith and Fair Dealing

53. Ohio Security breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiff's claim while it knew or should have known, by the exercise of reasonable diligence, that its liability was reasonably clear.

### E. Knowledge

54. Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code.

## DAMAGES

55. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

56. The damages caused by the hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

57. For breach of contract, Plaintiff is entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

58. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff are entitled to actual damages, which include the loss of the benefits that should have been

paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times their actual damages. TEX. INS. CODE § 541.152.

59. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as 18% (eighteen percent) interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

60. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional stress.

61. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas

### JURY DEMAND

62. Plaintiff hereby demands a trial by jury and tender the appropriate fee.

### DISCOVERY REQUESTS

63. Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests that each Defendant disclose, within 30 days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

64. Defendants are requested to respond to the attached interrogatories and requests for production within fifty (50) days.

**PRAYER**

65.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this court site Defendants to appear and answer herein and that Plaintiff has judgment taken against Defendants and recovers from Defendants all damages allowed by law, and that Plaintiff be awarded attorneys' fees for trial and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

**THE POTTS LAW FIRM, LLP**

By:     /s/ Andrew A. Woellner
        **Andrew A. Woellner**
        SBN: 24060850
        3737 Buffalo Speedway, Suite 1900
        Houston, Texas 77098
        Telephone (713) 963-8881
        Facsimile (713) 583-5388
        Emails: awoellner@potts-law.com
        **ATTORNEYS FOR PLAINTIFF**